NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**GENE S. GROVES,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS
AFFAIRS,**
*Respondent-Appellee.*

---

2011-7197

---

Appeal from the United States Court of Appeals for
Veterans Claims in 06-1252, Judge William P. Greene, Jr.

---

Decided: February 13, 2012

---

GENE S. GROVES, Shafter, Texas, pro se.

KIMBERLY, I. KENNEDY, Trial Attorney, Commercial
Litigation Branch, Civil Division, United States Depart-
ment of Justice, of Washington, DC, for respondent-
appellee. With her on the brief were TONY WEST, Assis-
tant Attorney General, JEANNE E. DAVIDSON, Director,
and PATRICIA M. MCCARTHY, Assistant Director. Of
counsel on the brief were MICHAEL J. TIMINSKI, Deputy

Assistant General Counsel, and MEGHAN D. HERNANDEZ, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before LINN, DYK, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Claimant Gene S. Groves ("Groves") appeals a final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), *Groves v. Shinseki* ("*Final Decision*"), No. 06-1252, 2009 WL 4065045 (Vet. App. Nov. 25, 2009). The Veterans Court affirmed a Board of Veterans' Appeals ("Board") decision finding no clear and unmistakable error ("CUE") in a September 1972 Department of Veterans Affairs ("VA") regional office ("RO") decision. We *affirm*.

## BACKGROUND

Groves served in the United States Army from January 1970 to August 1971. In March 1971, Groves suffered superficial fragment wounds in his right thigh and left arm. In September 1971, based on initial medical examinations, the RO determined that Groves had a shell fragment right-thigh wound with no nerve involvement, and thus awarded him service connection and a 10% disability rating for a painful scar on his right thigh under 38 C.F.R. § 4.118, diagnostic code ("DC") 7804 (1971). Subsequent to this determination, Groves complained of pain in his right thigh. An x-ray report showed that there was a metallic fragment lying in the tissue of Groves's thigh, and a VA physician noted that the fragment may have nicked Grove's saphenous nerve.

In September 1972, Groves sought an increased disability rating from the RO for his right-thigh condition.

At that point, the RO recharacterized Groves's injury as a "shell fragment wound, right thigh, muscle g[rou]p XIV," *Final Decision*, 2009 WL 4065045, at *1 (alteration in original), and awarded him a 10% disability rating under 38 C.F.R. § 4.73, DC 5314. The RO also awarded Groves a separate 10% rating for an injury to the right saphenous nerve under 38 C.F.R. § 4.124a, DC 8627, for a combined rating of 20%.

In October 2003, Groves sought to revise the September 1972 RO decision based on CUE, alleging that the RO impermissibly severed its previous finding of service connection for a painful scar under DC 7804, and that it did so without properly notifying him of this severance.[1] A severance occurs when it is "conclude[d] that a particular disability previously determined to have been incurred in the line of duty was incurred otherwise." *Read v. Shinseki*, 651 F.3d 1296, 1300 (Fed. Cir. 2011). However, *Read* held that service connection "is not severed simply because the situs of a disability—or the Diagnostic Code associated with it—is corrected to more accurately determine the benefit to which a veteran may be entitled." *Id.* at 1302.

In July 2004, the RO found no CUE because it was within its discretion to recharacterize Groves's injury based on the additional medical evidence it had received, and its decision had not resulted in a severance. The RO

---

[1]    38 C.F.R. § 3.105(d) provides in part: "When severance of service connection is considered warranted, a rating proposing severance will be prepared setting forth all material facts and reasons. The claimant will be notified at his or her latest address of record of the contemplated action and furnished detailed reasons therefor and will be given 60 days for the presentation of additional evidence to show that service connection should be maintained."

concluded that the ratings action simply changed the determination of the situs of Groves's pain from the scar on his right thigh to the underlying muscle and nerves. Groves appealed this decision to the Board, which also found no CUE. *In re Groves*, No. 03-03 067A (B.V.A. Dec. 1, 2005). On appeal, the Veterans Court held that "the RO did not sever Mr. Groves's award of service connection; rather, the RO corrected its prior decision to more accurately reflect the state of Mr. Groves's injury. . . . Thus, because Mr. Groves's rating was not reduced, nor his award of service connection severed, the action taken by the September 1972 RO constituted only a nonsubstantive administrative act and not a severance action . . . ." *Final Decision*, 2009 WL 4065045, at *3.

Groves timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

Under 38 U.S.C. § 7292(a), this court has jurisdiction to review a decision of the Veterans Court only "with respect to the validity of a decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Absent a "constitutional issue," this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Groves makes two primary arguments on appeal. First, Groves alleges that there was CUE in his rating under the 1972 RO decision, particularly in removing his rating under DC 7804 for pain associated with the scar on his right thigh. In reviewing the 1972 RO decision, the Board concluded that "[w]hile arguably the 10 percent rating [under DC 7804] for a tender scar should have also

remained in effect," it was not the type of "undebatable error" on "which reasonable minds could not differ" necessary to find CUE. *Groves*, No. 03-03 067A, slip op. at 12. This sort of factual determination or application of law to fact is beyond our ability to review. *See* 38 U.S.C. § 7292(d)(2).

Second, Groves contends that the RO violated his rights to notice by failing to provide him adequate notice of a severance of service connection as required under 38 C.F.R. § 3.105(d). It is not at all clear that denying the rating under DC 7804 (even if improper) would constitute a severance since service connection for his right thigh injury remained under the two other diagnostic codes. In any event, if, as the Veterans Court and Board concluded, there was no CUE in the elimination of the rating under DC 7804 and recharacterizing Groves's injury under other rating provisions, there was also no severance and no requirement of notice. *See Read*, 651 F.3d at 1300. The Veterans Court explained that, under that view, in 1972 the RO had merely "corrected its prior decision to more accurately reflect the state of Mr. Groves's injury" and that "the action taken by the September 1972 RO constituted only a nonsubstantive administrative act and not a severance action." *Final Decision*, 2009 WL 4065045, at *3. Thus, because no severance had occurred, the right to notice under 38 C.F.R. § 3.105(d) was not triggered.

Moreover, the Veterans Court also concluded that Groves failed to demonstrate how the outcome of the 1972 RO decision would have been manifestly different had he been provided the notice that he alleges was required. On appeal, Groves argues only that, if he did fail to demonstrate how the outcome would have been manifestly different, his claim should have been dismissed without

prejudice to refiling under 38 C.F.R. § 20.1404(b).[2]  Section 20.1404(b) on its face, however, applies only to motions for revision of Board decisions based on CUE, not CUE in an RO decision, and thus it does not apply here. The Veterans Court's determination that Groves failed to demonstrate how the outcome of the 1972 RO decision would have been manifestly different is a factual issue that we do not have jurisdiction to review on appeal, and provides an independent basis for our rejection of the notice argument.

All of Groves's other arguments are without merit or present challenges to factual determinations, which we do not have jurisdiction to review.

COSTS

No costs.

---

[2]    38 C.F.R. § 20.1404(b) provides: "The motion must set forth clearly and specifically the alleged clear and unmistakable error, or errors, of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been manifestly different but for the alleged error. Non-specific allegations of failure to follow regulations or failure to give due process, or any other general, non-specific allegations of error, are insufficient to satisfy the requirement of the previous sentence. Motions which fail to comply with the requirements set forth in this paragraph shall be dismissed without prejudice to refiling under this subpart."